Dear Mr. Abel Acosta Clerk,

77,367-05

Please be advised that on November 24, 2014 I sent a copy of this same writ of Habeas Corpus 11.07 and attached with it, it had a Memorandum of Rights to support my claim. I do not know if the El Paso County Court house forwarded this application but I'm doing so myself. I don't have a memorandum application now but the 11.07 Habeas Corpus writ is explaining what I'm claiming and what should be investigated with full prayers and respect for your Honorable Office. Thank you!

Cesar Re

Signed and Dated on January 12, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

## COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Cesar David Rodriguez_

DATE OF BIRTH: _7/21/80_

PLACE OF CONFINEMENT: _French Robertson Unit_

TDCJ-CID NUMBER: _1586147_     SID NUMBER: _____

(1)   This application concerns (check all that apply):

    ☑ a conviction        ☐ parole

    ☐ a sentence        ☐ mandatory supervision

    ☐ time credit        ☐ out-of-time appeal or petition for discretionary review

(2)   What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

_In the 243rd District Court of El Paso County Texas_

(3)   What was the case number in the trial court?

_#20080D00906_

(4)   What was the name of the trial judge?

_Judge David C. Guaderrama_

Rev. 01/14/14

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

John T. Garcia

**(6)** What was the date that the judgment was entered?

May 29, 2008

**(7)** For what offense were you convicted and what was the sentence?

Robbery 35 yrs.

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea      ☐ guilty-plea bargain
☑ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

**(10)** What kind of trial did you have?

☐ no jury      ☑ jury for guilt and punishment
                       ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_No_

(12) Did you appeal from the judgment of conviction?

☑ yes          ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _Eigth Court of Appeal_

(B) What was the case number? _08-08-00273-CR_

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_Bruce Ponder_

(D) What was the decision and the date of the decision? _Affirmed_

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☑ yes          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _PD-1163-10_

(B) What was the decision and the date of the decision? _refused_

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes          ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _WR.77,367-02_

3

**(B)** What was the decision and the date of the decision? _Dismissed_

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_New grounds to present to the Honorable Court._

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☑ no

If you answered yes, please provide the name of the court and the case number:

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**

Actual Innocence Schlup-type Claims

**FACTS SUPPORTING GROUND ONE:**

Petitioner presents these Actual Innocence Schlup-type claims of the Procedural Violations Errors of his Actual Innocence, due to such Procedural Constitutional violation Errors that occured before and at trial, that has violated Petitioner fundamental Constitutional Rights. But for such Constitutional Violations Errors has resulted in one who is "Actually Innocence", And no rational Juror would have found the Petitioner Guilty beyond a reasonable doubt.

Procedural Violations Claims and Issues below:

1st claim/Issue: Trial Court abuse its Discretion

2nd claim/Issue: Double Jeopardy Violation

3rd claim/Issue: Prosecutor Misconduct

4th claim/Issue: Subject Matter Jurisdiction

6

Rev. 01/14/14

5th claim/Issue: Trial Court abuse of its Discretion

## -Relief-

Petitioner respectfully request this Court to Grant a live Evidentiary Hearing on issues, Appoint-Counsel, Reverse and remand back to the Trial Court with an ORDER to set aside and VACATE the conviction and sentence. An modify according an ORDER of ACQUITTAL under ACTUAL INNOCENCE and immediate release from EL PASO COUNTY TEXAS upon such finding. So PRAYED !!

7

Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

Rev. 01/14/14



Rev. 01/14/14

**GROUND THREE:**

**FACTS SUPPORTING GROUND THREE:**

10

Rev. 01/14/14



11

Rev. 01/14/14

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.

Rev. 01/14/14

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

15.

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____Cesar Raei_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_Cesar David Rodriguez_
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _12_ DAY OF _January_, 20 _15_.

_____
Signature of Notary Public

16

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Cesar David Rodriguez_

State bar number, if applicable: _# 1526147_

Address: _French M. Robertson Unit_

_12071 FM. 3522_

_Abilene Texas 79601_

Telephone: _____

Fax: _____

**INMATE'S DECLARATION**

I, _Cesar David Rodriguez_ , am the applicant / petitioner (circle one) and being presently incarcerated in _French Robertson Unit_ declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _January 12, 20_ , 20 _15_

_Cesar Rod_

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Cesar David Rodriguez_

Address: _French M. Robertson Unit_

_12071 FM. 3522_

_Abilene Texas 79601_

Telephone: _____

Fax: _____

Signed on _January 12_, 20 _15_.

Signature of Petitioner

18

Rev. 01/14/14